## In re SCHROEDER.

(Court of Appeals of District of Columbia. Submitted May 8, 1922. Decided June 5, 1922.)

### No. 1448.

1. **Patents ⚖️138(1)—Reissue with broader claims not granted after lapse of two years, except under special circumstances.**

   Where more than two years have elapsed between the issue of the original patent and the filing of the reissue application, abandonment of improvements not claimed will be presumed, unless the delay is accounted for or excused by special circumstances, and a reissue with broader claims will not be allowed after the lapse of that time.

2. **Patents ⚖️138(2)—Fact other patentees have acquired right to unclaimed improvement does not defeat limitation against reissue.**

   The right of the public to use whatever was disclosed in an application for a patent, but not claimed, is sufficient to warrant the denial of a reissue patent containing broader claims after the lapse of two years where only the rights of the applicant and the public are to be considered, notwithstanding the fact that intervening patentees have since claimed the abandoned matter, and thereby prevented the public from enjoying the fruits of the abandonment.

Appeal from the Commissioner of Patents.

In the matter of the application of Simon E. Schroeder for reissue of a patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Affirmed.

Percy B. Hills and William V. Teft, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying appellant's application for reissue of a patent relating to improvements in gearing.

There are 46 claims, the first 7 of which are claims of the original patent. The remaining 39 are copied from patents, the applications for which were copending with appellant's original application, and, with one exception, filed prior to appellant's application.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] It is unnecessary to consider the subject-matter of the invention, since the appeal raises only questions of law. The application for reissue was filed over four years after the issue of the original patent, and it is conceded that the 39 claims copied from other patents are broader than the claims of the original patent. Applicant, therefore, comes clearly within the well-established rule of reissue that where, as here, more than two years have elapsed between the issue of the original patent and the filing of the reissue application, abandonment will be presumed, unless the delay is accounted for or excused by special circumstances.

This court in the case of In re Starkey, 21 App. D. C. 519, following Mahn v. Harwood, 112 U. S. 354, 5 Sup. Ct. 174, 6 Sup. Ct. 451, 28 L. Ed. 665, Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658, and a long line of decisions of the Supreme Court, said:

"We must now regard the law as well settled by the Supreme Court of the United States that, after the lapse of two years after the issue of a patent, a reissue which seeks to enlarge the claims of the original patent will not be granted, or, if granted, will be held invalid, unless special circumstances are shown to excuse the delay."

The tribunals below found that there were no mitigating circumstances which would bring appellant within the exception to the rule, and with this holding we are in accord.

[2] Appellant contends that we are not at liberty to consider the effect of intervening patents or pending applications, but only rights as between himself and the public; and, since no rights have inured to the public, because of intervening patents embracing the claims here involved, the limitation of the statute is without application to this case. After the lapse of two years from the issue of appellant's patent, the public had a right to use whatever had not been claimed. Appellant's dedication to public use of whatever was unclaimed in his invention inured to the public, and the mere fact that intervening patentees claimed the abandoned matter, and thereby prevented the public from entering and enjoying the fruits of appellant's abandonment, affords him no relief.

The property right in a patent is purely statutory, and, whenever the patent fails, no property right remains; the invention belongs to the public. If the public is estopped by the claims of others, it is no concern of the one who has suffered a statutory forfeiture. It is the fate which the law inflicts for failure to claim the invention within the statutory time, irrespective of what others may have done during the period of delay. The effect of their operations upon the right of the public to avail itself of the delay and consequent abandonment in no respect alters appellant's status or weakens the presumption of abandonment to the public. Appellant's situation, therefore, is not different from what it would have been, had no patents, containing the claims of the present issue, intervened.

The decision of the Commissioner of Patents is affirmed.